**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DANIEL GENE BLACK,<br><br>Plaintiff,<br><br>v.<br><br>[no Defendant named]. | : | Case No. 1:26-cv-766<br><br>District Judge Jeffery P. Hopkins<br>Magistrate Judge Stephanie K. Bowman |

## REPORT AND RECOMMENDATION

Plaintiff, a resident of Chesapeake, Ohio, initiated this civil rights action by filing several documents in the Southern District of Ohio, Eastern Division (Columbus). (Doc. 1). On August 4, 2026, because it appeared that the events detailed in Plaintiff's documents occurred in Lawerence County, Ohio, the case was transferred to the Western Division. (Doc. 3). Plaintiff did not pay the filing fee, move for leave to proceed *in forma pauperis*, or file an operative Complaint. Plaintiff instead submitted several documents, including an Affidavit, a document entitled "The Greatest Fraud Ever Upon the American People," and several other documents apparently filed in the Lawrence County, Ohio Court of Common Pleas. (*See* Doc. 1).

On July 31, 2026, Plaintiff was advised of the above deficiencies and directed to submit the necessary documents to address them within thirty (30) days. (*See* Doc. 2).

To date, more than thirty days after July 31, 2026, Plaintiff has not responded to the July 31, 2026 Notice of Deficiency much less cured the identified deficiencies.

A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his

cause of action. *See Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to respond to or comply with the July 31, 2026 Notice or otherwise diligently pursue the prosecution of this action. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** without prejudice for lack of prosecution.

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly

arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).